IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARTIN WILLS                                                                    PLAINTIFF

v.                                          No. 3:12-cv-03090

CITY OF MOUNTAIN HOME, ARKANSAS; CARRY
MANUEL; ROBERT HARDEN; MICHAEL KELLY;
and JANET FAYE LACEFIELD                                                        DEFENDANTS

**ORDER**

Currently before the Court are Plaintiff Martin Wills's motion (Doc. 125) to compel and Mr.

Wills's emergency motion (Doc. 127) to strike as moot Defendant Janet Lacefield's emergency

motion (Doc. 112) to strike or, alternatively, to order certain publicly available documents be sealed.

Mr. Wills moves the Court to compel Defendant Janet Lacefield to produce a settlement

document from litigation between Ms. Lacefield and Mr. Wills's former employer, FedEx, Inc.  Ms.

Lacefield objected to the production request on the grounds of confidentiality of contract and on the

grounds that the request was not calculated to lead to the discovery of relevant evidence.  Mr. Wills

acknowledges that the parties to that litigation agreed to keep the agreement confidential.  Mr. Wills

argues, however, that the Court should order that the document be produced as it is relevant in that

the settlement could be used to show that "the current claims made by Lacefield in the case at bar

are unavailable to her since she had been 'made whole' with her civil agreement made with FedEx,

including it's [sic] employee Wills." (Doc. 126, p. 3).  Ms. Lacefield, however, is not bringing any

claims in the instant matter but merely defending herself against Mr. Wills's claims.  Ms. Lacefield

is not foreclosed from defending herself in this matter, on any basis, as a result of her settlement with

FedEx.  The Court finds, therefore, that Mr. Wills's production request regarding the FedEx settlement is not calculated to lead to the discovery of relevant evidence.  IT IS THEREFORE ORDERED that Mr. Wills's motion (Doc. 125) to compel is DENIED.

In his emergency motion, Mr. Wills asks the Court to either deny Ms. Lacefield's emergency motion (Doc. 112) to strike as moot or, in the alternative, to order that other publicly available documents from other litigations between Mr. Wills and Ms. Lacefield be sealed.  The Court has already granted Ms. Lacefield's motion insofar as the Court ordered that Mr. Wills's brief in support (Doc. 109) of his response to Ms. Lacefield's motion for summary judgment be filed under seal.  Ms. Lacefield's alternative motion to strike was denied.  In the order (Doc. 116), the Court found that Mr. Wills's brief should be sealed as it contained explicit and scandalous allegations against Ms. Lacefield.  The Court further stated that the relevancy of the allegations to the instant matter was far from clear.  *Id.*  In his current emergency motion, Mr. Wills provided the Court with a showing that certain allegations about Ms. Lacefield are already a matter of public record as a result of previous litigation between the two parties.  The Court has reviewed the materials provided by Mr. Wills but does not agree that the allegations in those materials mirror the allegations made in Mr. Wills's brief in this matter.  The allegations made herein went beyond anything in the materials provided by Mr. Wills.  And, in any event, the Court is not bound to follow the same path taken by other courts.  At some point, it appears that the prudent course of action would be to not perpetuate public mudslinging between Mr. Wills and Ms. Lacefield, especially when the relevancy of the allegations is questionable.  The Court, therefore, declines to reconsider its earlier ruling on Ms. Lacefield's motion and maintains that Mr. Wills's brief (Doc. 109) should remain sealed at this time.

IT IS THEREFORE FURTHER ORDERED that Mr. Wills's emergency motion (Doc. 127)

-2-

is DENIED.

       **IT IS SO ORDERED** this 27th day of August, 2013.

*/s/ P. K. Holmes,* III
_____
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE
