IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARTIN WILLS                                                                                          PLAINTIFF

v.                                            No. 3:12-cv-03090

CITY OF MOUNTAIN HOME, ARKANSAS; CARRY
MANUEL; ROBERT HARDEN; MICHAEL KELLY;
and JANET FAYE LACEFIELD                                                                       DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are motions for summary judgment and supporting documents filed by Defendant Michael Kelly (Docs. 96-98), Defendant Janet Faye Lacefield (Docs. 99-101), and Defendants Robert Harden, Carry Manuel, and the City of Mountain Home, Arkansas ("the City Defendants") (Docs. 102-104). Plaintiff Martin Wills has filed responses with supporting documents (Docs. 108-110, 113-115, 118-120) to each motion. Kelly (Doc. 117) and the City Defendants (Doc. 122) filed replies. For the reasons set forth below, the Court finds that the motions should be granted and judgment entered in favor of Defendants.

The party moving for summary judgment bears the burden of proving both the absence of a genuine issue of material fact and that the party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 742 (8th Cir. 2009). The Court must review the facts in the light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997). "In order for there to be a 'genuine issue of material fact,' the evidence must be 'such that a reasonable jury could return a verdict for the

nonmoving party.'" *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

The Court previously dismissed certain claims and Defendants to this action. (Doc. 88). The parties, however, left other claims pending. The claims remaining for adjudication at this time are: claims pursuant to 42 U.S.C. § 1983 against the City Defendants, as well as failure-to-train claims against City of Mountain Home and Manuel; malicious prosecution claims against Kelly, Lacefield, Manuel, and Harden; and claims for intentional infliction of emotional distress against Kelly, Lacefield, Manuel, and Harden. The Court will address each issue in turn.

The briefs and supporting documents for the three pending summary judgment motions are voluminous, and the Court has previously set forth the background of this case at length (Doc. 88). The Court will not belabor the record with another lengthy recitation and will, instead, only set forth the relevant facts as necessary to resolve the pending motions.

## I.  § 1983 and Failure-to-Train

Wills brings claims, pursuant to 42 U.S.C. § 1983, that the City Defendants[1] had or encouraged a practice or policy of failing to protect Wills from abuse and harassment and that certain

---

[1] Wills brings suit against the City of Mountain Home as well as against Manuel and Harden in their official capacities. A suit against a public official in his official capacity is equivalent to a suit against the governmental entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). The Court therefore considers Wills's official-capacity claims as claims against the City of Mountain Home.

actions by the City Defendants constituted deliberate indifference to Wills's rights. Wills also claims that Manuel, chief of police for the City of Mountain Home, failed to train and/or supervise Harden. The Court finds that the City Defendants are entitled to summary judgment on Wills's § 1983 claims. First, as set forth below, the Court finds that the Mountain Home Police Department did not act without probable cause in getting a warrant to arrest Wills for violation of a protective order entered against him, nor did the Mountain Home Police Department violate Wills's rights in any other respect. *See McCoy v. Monticello*, 411 F.3d 920, 922 (8th Cir. 2005) (stating that the Eighth Circuit "has consistently recognized a general rule that, in order for municipal liability to attach, individual liability must be found on an underlying substantive claim"). Second, even if a violation of his rights had occurred, Wills has not pointed to any formal policy of the Mountain Home Police Department that would have led to such violation, and Wills has not otherwise presented any evidence of a municipal policy or custom independent of the isolated incidents of alleged misconduct in his complaint. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24 (1991) (an isolated incident of police misconduct is insufficient to establish municipal policy or custom, and an unconstitutional city policy or custom, conflicting with official policy, cannot be inferred from a single occurrence).

Wills also claims, pursuant to 42 U.S.C. § 1983, that Harden violated his 4th, 5th, and 14th Amendment rights. The Court finds that Harden is entitled to qualified immunity against Wills's federal claims. "A police officer is . . . entitled to qualified immunity unless the evidence establishes (1) that a plaintiff's constitutional rights have been violated, and (2) those rights were so clearly established at the time of the violation that a reasonable officer would have known that his actions were unlawful." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1058 (8th Cir. 2013). "In the context of obtaining a warrant, a police officer will lose his qualified immunity only if the warrant application

is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Brockington v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). As previously stated, the Court finds that Harden did not lack probable cause for proceeding with his investigation and ultimate arrest of Wills. Wills's constitutional rights were not violated, and Harden's affidavit was not so lacking in indicia of probable cause as to render official belief in its existence unreasonable. The Court finds, therefore, that Harden is entitled to summary judgment on the basis of qualified immunity on Wills's federal claims against him.

II.     **Malicious Prosecution**

Wills's claims for malicious prosecution arise under state law. In Arkansas, "[i]n order to establish a claim for malicious prosecution, a plaintiff must prove the following five elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages." *Sundeen v. Kroger*, 355 Ark. 138, 143 (2003). "In the context of malicious prosecution, probable cause means such a state of facts or credible information which would induce an ordinarily cautious person to believe that the accused is guilty of the crime for which he is charged." *Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox*, 324 Ark. 361, 368 (1996). The Court finds that there was no lack of probable cause for the proceedings against Wills, and Defendants are entitled to judgment in their favor on Wills's malicious prosecution claims.

A.     **Revocation Prosecution**

Wills claims that Kelly and Lacefield, along with previously dismissed defendant Deputy Prosecutor Christopher Carter, maliciously prosecuted Wills by initiating criminal revocation

proceedings against Wills without probable cause. In the revocation proceedings, Wills was charged with violating the conditions of a suspended sentence imposed as part of his agreement to plead no contest in 2009 to charges that he criminally harassed Lacefield. His plea statement, as well as the no-contact order resulting from his plea, both incorporated by reference a letter written by Carter containing detailed conditions that Wills was to abide by during his one-year suspended sentence.[2] Wills denies that he agreed to the conditions in the letter. Regardless of Wills's belief as to the enforceability of the conditions in the letter, it was not unreasonable for Carter, Lacefield, or Kelly to believe that the conditions were enforceable given the references to the "attached letter" in both Wills's plea statement and no-contact order. Wills acknowledges that he reviewed Carter's letter on the day of his plea hearing and that his lawyer explained the terms of the letter to him. (Doc. 96-5, pp. 34-40, 197-199).

      Carter's letter contained the condition that Wills was not to "distribute[] or cause to be distributed any photographs, videos, written statements to any party or individual, corporation or governmental agency, other than through his attorney, if those photographs, videos, written or oral statements refer to or dipict [sic] or discuss or mention Janet Lacefield in any manner." (Doc. 101-1, p. 12). Wills admits that he sent photos of a sexual nature, depicting Janet Lacefield and another man, to Kelly (Lacefield's attorney at that time) in the context of a civil matter also pending at that time between Wills and Lacefield. (Doc. 96-5, pp. 13-14). The state district court judge presiding over the revocation proceedings found that Wills violated the no contact order. Wills appealed that decision.

---

[2] Wills argues that the letter referred to in the plea statement and the no-contact order was actually the "acknowledgment of plea offer" (Doc. 96-3) signed by Wills. The evidence is contrary to that assertion.

On appeal, Carter and Wills's attorney agreed that the district court effectively found that Wills had not committed the other three violations alleged in the revocation petition, such that the only violation that could properly be heard on appeal was the violation regarding Wills's sending the photos of Lacefield to Kelly. The state circuit court judge found that, because the revocation petition alleged that "[t]he defendant sent photos to attorney Michael E. Kelly that the defendant contends is *the defendant* and another man in a compromising position" (Doc. 96-8) (as opposed to photos of Lacefield and another man) that the petition did not state a violation on its face. As a result, the district judge's finding that Wills had violated the no-contact order was reversed without consideration of whether Wills had actually violated the no-contact order.

Neither the fact that Wills did not independently sign off on Carter's letter setting forth conditions for Wills's suspended sentence, nor the fact that an error was committed in drafting the revocation petition negates the existence of probable cause in this case. The evidence is clear that Wills sent compromising photos of Lacefield to Kelly. While the photos were sent in the context of an ongoing civil litigation, they were not sent through an attorney. Furthermore, while Wills claims the photos were sent in response to a request by Kelly, the Court finds that Kelly was well within reason to believe that the photos were not responsive to his request (asking for a web address or link to a video that Wills had alleged was publicly available online—not images from the video[3]) and not relevant to the civil litigation, especially when viewed in the context of the history between Wills and Lacefield. The Court finds that the information produced by Kelly to Carter would induce an ordinarily cautious person to believe that Wills had violated the conditions of his suspended

---

[3] It seems clear that Kelly was seeking for Wills to back up his allegations regarding the public availability of the alleged video. Still shots from any video Wills may have had in his possession would, therefore, be irrelevant to Kelly's request.

sentence.

It is not for the Court to determine, in the instant litigation, the enforceability of the conditions contained in Carter's letter or whether Wills actually violated the conditions of his suspended sentence. Rather, the Court must simply determine whether the elements of malicious prosecution, including an absence of probable cause, have been established. The Court finds that probable cause existed to support the allegation that Wills violated the conditions of his suspended sentence by sending Kelly images of a sexual nature depicting Lacefield with another man. This finding is supported by the fact that the district court judge found that Wills had, in fact, violated the no-contact order. *See Sundeen*, 355 Ark. at 143-144 ("Arkansas cases have consistently held that a judgment of conviction by a court of competent jurisdiction is conclusive evidence of probable cause, even though the judgment is later reversed."). Poor drafting of the petition for revocation does not negate probable cause.

In regard to the other three alleged violations, the Court likewise cannot find, upon review of the evidence, that there is any genuine issue of material fact regarding whether Lacefield lacked probable cause in providing information to Carter. Wills's objections to the three other alleged violations appear to be largely technical and/or legal and do not genuinely cast doubt on Lacefield's reasonable belief that Wills had violated the conditions of his suspended sentence by causing her to receive numerous spam emails. Lacefield hired an expert to investigate the origin of the spam emails she was receiving and appears to have relied on that expert's analysis in determining that Wills was the origin of at least some of the emails. The Court finds that the information obtained by Lacefield, and provided to Carter, would induce an ordinarily cautious person to believe that Wills had violated the conditions of his suspended sentence or no contact order. Because there is no genuine issue of

material fact as to the probable-cause element of Wills's malicious prosecution claim (regarding the revocation prosecution), entry of summary judgment on that claim is appropriate and will be entered in favor of Kelly and Lacefield.

Additionally, the Court finds that Lacefield and Kelly are both private individuals who simply provided information to a public official (Carter) who acted at his own discretion in initiating criminal proceedings based on that information. *See South Ark. Petroleum Co. v. Schiesser*, 343 Ark. 492, 496 (2001) (a full, fair, and truthful disclosure to the prosecuting attorney is a defense to a claim of malicious prosecution) (citation omitted). As set forth above, Wills admitted to the material information provided by Kelly (that he sent the photos of Lacefield). As to any information provided by Lacefield, there is no credible evidence that Lacefield provided information that she did not believe to be true. As previously stated, Lacefield appears to have relied on her expert's analysis in determining that Wills was the origin of at least some of the spam emails she was receiving. Wills has not raised a genuine issue that Lacefield or Kelly did not disclose all *pertinent* information known to them. The Court finds, therefore, that Kelly and Lacefield have established an absence of any genuine dispute of material fact as to Wills's failure to establish the first essential element of malicious prosecution: that Kelly or Lacefield instituted the proceeding against Wills. Summary judgment in favor of Kelly and Lacefield is therefore appropriate on this additional and alternative basis. Having found that at least two essential elements of malicious prosecution have not been established, the Court makes no findings as to the remaining elements.

    **B.**    **Order-of-Protection Violation**

Wills claims that Lacefield, Manuel, and Harden maliciously prosecuted him by initiating criminal proceedings against Wills without probable cause. In 2011, Lacefield lodged numerous

complaints with the Mountain Home Police Department for violation of a five-year order of protection she had received against Wills in January of 2010. Lacefield claimed that she had been receiving calls from recruiters inquiring about Wills. Harden investigated Lacefield's complaint by, among other things, calling the numbers of the recruiters who had contacted Lacefield. Harden was informed that a resume with Martin Wills's name had been posted on monster.com that listed Lacefield's phone number as his contact number. One of the recruiters sent Harden, at Harden's request, a copy of the resume that had been posted. The information on the resume appeared to coincide with Wills's information except for the contact information being Lacefield's instead of Wills's. Looking at the resume (Doc. 103-3), it is clear that any potential recruiter calling the number listed on the resume would have thought they were calling a person named Martin Wills, with a history in Arkansas and extensive IT experience, and with an email address of mdw@martinwills.com.

      The Court again finds that there is no genuine issue of material fact as to whether probable cause existed in this prosecution. The order of protection provides that Wills "is further prohibited directly or through an agent from contacting [Lacefield] or her minor child either directly or indirectly. The forms of prohibited contact include but are not limited to the following: verbal communication, letters, telephone calls, e-mails, notes or sending communications through any third party who is not a legal representative of the Respondent acting through the Court system." (Doc. 101-2, pp. 1-2). The information provided by Lacefield, and additional information resulting from Harden's investigation, would induce an ordinarily cautious person to believe that Wills had

submitted the resume[4] and that such conduct was in violation of the order of protection, which broadly prohibited Wills from contacting Lacefield either directly or indirectly, including through third parties.  Because the Court finds that there is no genuine issue of material fact as to the failure of Wills to establish the probable-cause element of malicious prosecution, the Court finds that Lacefield and Harden, as well as Manuel—to the extent Wills brings a claim against him—are entitled to summary judgment in their favor on Wills's malicious prosecution claim (regarding violation of the order of protection).

      Additionally, Lacefield acted as a private individual in providing information to the Mountain Home Police Department.  She informed the police department that she had been contacted by recruiters asking for Wills.  As the callers were asking for or about Wills, it was reasonable to believe that Wills had instigated the calls or at least distributed Lacefield's contact information to third parties.  Wills has not raised a genuine issue that Lacefield acted dishonestly or omitted any *pertinent* information in making her reports to the police department.  The police department then independently investigated Lacefield's complaints, and the prosecutor exercised his discretion in prosecuting Wills.  The Court finds, therefore, that Lacefield has demonstrated an absence of any genuine issue of material fact as to Wills's failure to establish the first essential element of malicious prosecution: that Lacefield instituted the proceeding against Wills.  Summary judgment in favor of Lacefield is therefore appropriate on this additional and alternative basis.

---

      [4] Wills argues that he had been satisfied with his employment for many years and would have no reason to post a resume on monster.com.  However, it is irrelevant whether or not Wills was actually seeking employment.  In fact, if Wills were to post a resume that had Lacefield's contact information instead of his own, it would not appear that the resume would be posted for the purpose of seeking employment but, rather, would be posted for the purpose of indirectly causing Lacefield to be contacted.

### III. Intentional Infliction of Emotional Distress

Wills's claims for intentional infliction of emotional distress are tied to his claims for malicious prosecution in that Wills claims that Defendants intended to cause him emotional distress by engaging in malicious prosecution. As the Court has already found that Defendants are entitled to judgment in their favor on Wills's claims for malicious prosecution, the Court must also find that judgment must be entered in favor of Defendants on Wills's claim, based on malicious prosecution, for intentional infliction of emotional distress. Further, the Court finds that the actions of Defendants were not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Givens v. Hixson*, 275 Ark. 370, 372 (1982) (quotation omitted).

### IV. Conclusion

For the reasons set forth above, IT IS ORDERED that Defendant Michael Kelly's motion (Doc. 96) for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Defendant Janet Faye Lacefield's motion (Doc. 99) for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Defendants Robert Harden, Carry Manuel, and City of Mountain Home, Arkansas's motion (Doc. 102) for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Defendant Janet Faye Lacefield's motion (Doc. 131) for sanctions and to strike is DENIED.

Judgment will be entered accordingly.

**IT IS SO ORDERED** this 30th day of August, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE